IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

IBAN SINISTERRA MOSQUERA,

Petitioner,

v.

OPINION and ORDER

WARDEN E. EMMERICH and
IMMIGRATION AND CUSTOMS ENFORCEMENT,

26-cv-528-jdp

Respondents.

---

Petitioner Iban Sinisterra Mosquera is incarcerated at the Federal Correctional Institution in Oxford, Wisconsin. Sinisterra Mosquera, without counsel, seeks a writ of habeas corpus under 28 U.S.C. § 2241, contending that he has earned First Step Act (FSA) time credits entitling him to early transfer to supervised release. Sinisterra Mosquera also moves for leave to file a supplemental jurisdictional statement, Dkt. 3, which I will grant.

Sinisterra Mosquera's petition is before the court for preliminary review, pursuant to Rule 4 of the Rules Governing Section 2254 Cases. Courts may apply Rule 4 to habeas petitions not brought pursuant to § 2254, including § 2241 petitions. *See* Rule 1(b), Rules Governing Section 2254 Cases. Under Rule 4, I must dismiss Sinisterra Mosquera's petition if it plainly appears that he is not entitled to relief.

The FSA establishes a "risk and needs assessment system," which allows prisoners who successfully participate in evidence-based recidivism reduction programming or productive activities to earn credits to be applied toward supervised release. 18 U.S.C. § 3632(a), (d)(4)(A), (d)(4)(C). But the FSA prohibits the Bureau of Prisons from applying earned time credits toward supervised release if the prisoner is "the subject of a final order of removal under any provision of the immigration laws." *Id.* § 3632(d)(4)(E)(i); *see* 28 C.F.R. § 523.44(a)(2).

In his petition, Sinisterra Mosquera alleges that he is the subject of an expedited removal order under 8 U.S.C. § 1225(b)(1). Dkt. 1, at 5. This admission disqualifies him from applying FSA time credits toward early transfer to supervised release.

Sinisterra Mosquera resists this conclusion for two reasons.

First, Sinisterra Mosquera contends that his FSA time credits should nevertheless apply because the removal order itself is unlawful. He argues that the removal order is unlawful because he was paroled into the United States to face criminal prosecution, so is not subject to § 1225(b)(1). *See id.* at 5–8. But, as Sinisterra Mosquera acknowledges in his petition, federal courts generally do not have jurisdiction to review challenges to removal orders under § 1225(b)(1). *See* 8 U.S.C. § 1252(a)(2)(A)(i)–(iv). Noncitizens can get around these jurisdiction-stripping provisions through habeas proceedings, but only if they want the court to determine: (1) whether they are an alien; (2) whether they were ordered removed under § 1225(b)(1); and (3) whether they can prove by a preponderance of the evidence that they are entitled to some form of relief from removal. *See id.* § 1252(e)(2). Sinisterra Mosquera is not asking the court to make such a determination. Instead, he is challenging whether § 1225(b)(1) is the proper basis for his removal order, an issue which this court does not have jurisdiction to consider, even in the habeas context. *Id.* § 1252(a)(2)(A)(iii).

Second, Sinisterra Mosquera contends that the jurisdiction-stripping provision at issue here, § 1252(a)(2)(A)(iii), and the provision limiting judicial review of § 1225(b)(1) removal orders in habeas corpus proceedings, § 1252(e)(2), are unconstitutional as applied to him. He argues that the provisions violate the Constitution's Suspension Clause, which provides that "[t]he Privilege of the Writ of Habeas Corpus shall not be suspended, unless in Cases of Rebellion or Invasion the public Safety may require it." U.S. Const. art. I, § 9, cl. 2.

But the Supreme Court rejected the argument Sinisterra Mosquera makes here in *Department of Homeland Security v. Thuraissigiam*, 591 U.S. 103 (2020). The petitioner in *Thuraissigiam* applied for a writ of habeas corpus to challenge the asylum officer's determination that the petitioner lacked a credible fear of persecution. 591 U.S. at 114. But courts lack jurisdiction to review such a determination under § 1252(a)(2)(A)(iii). *Id.* at 113. The Court held that § 1252(a)(2)(A)(iii) did not violate the Suspension Clause because the writ of habeas corpus was not understood at the time that the Constitution was adopted to allow a petitioner to seek vacatur of his removal order. *See id.* at 118.

Sinisterra Mosquera, like the petitioner in *Thuraissigiam*, wants the court to vacate his removal order by "declar[ing] the unlawful removal order void ab initio." Dkt. 1, at 22. But the writ of habeas corpus does not provide Sinisterra Mosquera a vehicle to obtain such relief.

## ORDER

IT IS ORDERED that:

1. Petitioner Iban Sinisterra Mosquera's motion for leave to file a supplemental jurisdictional statement, Dkt. 3, is GRANTED.
2. Sinisterra Mosquera's petition for a writ of habeas corpus under 28 U.S.C. § 2241, Dkt. 1, is DISMISSED with prejudice.
3. The clerk of court is directed to enter judgment and close the case.

Entered August 14, 2026.

BY THE COURT:

/s/

JAMES D. PETERSON
District Judge